UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )            2:21-CR-27
                                     )
      vs.                            )
                                     )
                                     )
SEAN CHRISTOPHER WILLIAMS,           )
                                     )
            Defendant.               )

## __ORDER__

Defendant has requested court-appointed counsel. After reviewing the CJA 23 financial affidavit [Doc. 11], the Court finds that Defendant likely has the means to contribute to the cost of his court-appointed counsel, or to retain private counsel. While Defendant reported that he did not have any cash, money in savings or checking accounts, or other assets, the Court notes that Defendant had over $100,000.00 in his possession when arrested. Moreover, he reported owning a business until recently, which took in approximately $500,000.00 per year. During the hearing, Defendant further reported that he may have access to $80,000.00, which will become available once he signs certain paperwork related to a foreclosed asset he owned because the sale of the asset yielded a higher price than the debt owed.

To ensure that the taxpayers do not bear the cost for Defendant's attorney if he is able to pay some, or all, of that cost, the Court hereby impresses a lien on the $80,000.00 funds Defendant referred to during the hearing. Within **fourteen days**, Defendant is required to make all reasonable efforts to obtain access to those funds and shall report back as to those efforts, including who holds the funds. Should Defendant arrange to retain private counsel within thirty days, the holder of the funds upon which the Court has placed a lien is authorized to release those funds to an attorney who will represent Defendant and release

any remaining funds to Defendant. Should Defendant not retain counsel within thirty days, the lien will only be released upon payment by Defendant from those funds of the fees and costs that have been incurred for his appointed counsel and any expert services that attorney has obtained on Defendant's behalf.[1]

Further, Defendant **shall** submit a supplemental financial affidavit within **thirty days** of the entry of this order wherein he shall disclose all income, assets, and debts for himself and any business in which he has had an ownership interest for the five years preceding his appearance before the Court. For any assets that have been transferred during that time, he shall provide documentation reflecting to whom the asset was transferred, the date of the transfer, and the amount paid for the asset. Personal and business tax returns are to be provided for the five-year period as well. The Court intends for this to be a full financial disclosure by Defendant which will then enable the Court to determine whether Defendant is in fact qualified for appointed counsel. Should Defendant retain private counsel within the thirty-day timeframe, he will not be required to submit these further financial disclosures.

David Leonard, a member in good standing of the CJA panel, is appointed to represent Defendant in all further proceedings in this action under the terms reflected above. Should the Court later determine that Defendant did not qualify for appointed counsel, then his appointed counsel shall be relieved immediately of all further obligation.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] In this instance, the holder of the funds would be directed to disburse to the Court the amount necessary to address these fees and costs and the remainder would then be disbursed to Defendant.