UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:21-CR-00027-1-JRG-CRW |
| | ) | |
| SEAN CHRISTOPER WILLIAMS | ) | |

## **ORDER**

This matter is before the Court on the United States's Motion to Instruct Jury [Doc. 132]. Next week, Defendant Sean Christopher Williams will stand trial on two counts of violations of 18 U.S.C. § 751(a), one for attempted escape from federal custody and one for escape from federal custody. For the charge of attempted escape, the Court plans to instruct the jury as follows:

> For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First: the defendant was in federal custody in the Washington County Detention Center;
>
> Second: the defendant was in federal custody ***because he had been arrested on a charge of a felony offense***;
>
> Third: the defendant did some overt act that was a substantial step toward leaving custody without permission; and
>
> Fourth: the defendant knew his actions would result in his leaving custody without permission.

And for the charge of escape, the Court plans to instruct the jury as follows:

> For you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First: the defendant was in federal custody in the Laurel County Detention Center;
>
> Second: the defendant was in federal custody ***because he had been arrested on a charge of a felony offense***; and

<u>Third</u>: the defendant knowingly and voluntarily left custody without permission.

The United States now moves the Court to instruct the jury that a charge under 18 U.S.C. § 922(g)(1) and a charge under 18 U.S.C. § 2251(a) and (e)—the charges on which the federal grand jury indicted Mr. Williams and on which law-enforcement officials arrested and placed him in federal custody—are felony offenses under federal law. According to the United States, Mr. Williams refuses to stipulate that these charges are felony offenses.

As a matter of law, offenses under § 922(g)(1) and § 2251(a) and (e) are felony offenses, *see* 18 U.S.C. § 3156(a)(3) ("[T]he term 'felony' means an offense punishable by a maximum term of imprisonment of more than one year[.]"), and the Court will therefore instruct the jury that they are felony offenses, *see United States v. Dedman*, 527 F.3d 577, 588 (6th Cir. 2008) (recognizing that judicial notice is "improper . . . when there is a conclusion of law" because it "might erroneously lead a juror to disregard an important legal determination by the district court"). The United States's motion [Doc. 132] is **GRANTED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
